UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARIO T. BARDLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:17CV290-PPS |
| vs. | ) | |
| | ) | |
| SGT. REDDEN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Mario T. Bardlette, a *pro se* prisoner, initially filed a complaint alleging that Sgt. Redden somehow allowed him to become injured while escorting him through the Indiana State Prison (ISP). ECF 2. However, his complaint was unduly vague because it lacked the specific information necessary to determine if a constitutional claim existed. While he did not state a claim for which relief could be granted, Bardlette was given leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Bardlette has now filed an amended complaint. ECF 6.

Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleadings standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v.*

1

*Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

According to the allegations of the amended complaint, Bardlette is an inmate currently confined at the Wabash Valley Correctional Facility. On April 22, 2016, while incarcerated at ISP, he was accused of spitting at a female correctional officer and ordered to be placed in segregation. Every inmate ordered into segregation must first undergo a health screening. So, Bardlette was taken to the Health Care Unit. Sgt. Redden then arrived to escort Bardlette from the Health Care Unit to segregation. On the way to segregation, Sgt. Redden pushed Bardlette into a closed, glass-paned door. Bardlette's right hand broke through the glass, cutting his hand and requiring medical attention. Bardlette believes Sgt. Redden did this because the female officer he was accused of spitting on was Sgt. Redden's girlfriend. Bardlette seeks money damages.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Bardlette claims that Sgt. Redden shoved him into the door to maliciously cause

2

him harm. This is sufficient to state a claim against Sgt. Redden for use of excessive force in violation of the Eighth Amendment and thus Bardlette may proceed against him.

Accordingly:

(1) Bardlette is **GRANTED** the plaintiff leave to proceed against Sgt. Redden in his individual capacity for monetary damages for using excessive force against him on April 22, 2016;

(2) all other claims are **DISMISSED**;

(3) the clerk and the United States Marshals Service are **DIRECTED** to issue and serve process on Sgt. Redden with a copy of this order and the amended (ECF 6) complaint as required by 28 U.S.C. § 1915(d); and

(4) Sgt. Redden is **ORDERED** to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

ENTERED: August 21, 2017        /s/ Philip P. Simon
                                                   Judge
                                                   United States District Court