UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIO T. BARDLETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17CV290-PPS/MGG |
| | ) |
| TIMOTHY REDDEN, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Mario T. Bardlette, a *pro se* prisoner, filed this action under 42 U.S.C. § 1983 alleging Lt. Timothy Redden used excessive force against him on April 22, 2016. He claims that, while being escorted by Redden at the Indiana State Prison (ISP), Redden pushed him into a glass-pane door, cutting his hand and requiring medical attention. Based on this event, I granted Bardlette leave to proceed on his Eighth Amendment claim against Redden. The parties now filed cross-motions for summary judgment as to whether Bardlette exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). ECF 23. Because there is a genuine dispute as to whether the grievance process was available to Bardlette, the motions will be denied.

**Discussion**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, the undisputed facts show that Bardlette was housed at ISP from February 19, 2009, to August 25, 2016, and that ISP has a formal grievance process in place. ECF 23-1 at 5; ECF 26 at 1, ¶ 2. The grievance process has three steps: an attempt at informal resolution, submission of a written grievance and filing an appeal. ECF 23-1 at 2-3. The prison keeps a record of all filed grievances, and those records do not show that Bardlette filed a grievance regarding the events giving rise to this lawsuit while housed at ISP. Id. at 4. The records reveal that he filed a formal grievance on March 23, 2017, which was returned to him as untimely. ECF 23-5 at 4. There is no record that Bardlette filed an appeal. Id.

Based on these facts, the Defendant argues that this case should be dismissed because Bardlette has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*,

286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit takes a "strict compliance approach to exhaustion[,]" which means that a prisoner must take each of the required steps in the process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Id.*

Bardlette does not dispute that he did not go through the prison's grievance process before he filed this case, but he has submitted affidavits alleging that the prison's grievance process was unavailable to him. ECF 18-1; ECF 26. Bardlette asserts that he filed numerous formal grievances that were discarded by Redden and other prison officials. ECF 18-1 at 1. He also states that it was physically impossible for him to follow the grievance process because after the incident he was "housed in the SMC cell with no writing utensils and no paper for roughly a week, then moved back to his original cell location and left with nothing but a mattress and bedding for 4-5 more days." ECF 26 at 1. Additionally, Bardlette claims that he was threatened by Officer Sayger not to file a prison grievance. ECF 26-3. And, finally, he sets forth that by the time he received paper and a pencil, he was informed by a prison guard that it was too late to file a grievance. Id.

Under applicable law, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole*, 438 F.3d at 809. An administrative remedy is unavailable, for example, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from

3

exhausting" his remedies. *Dole*, 438 F.3d at 812. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id*.

Nevertheless, the Defendant requests summary judgment, arguing that Bardlette's version of events is simply implausible in light of the record. But I will not so readily discount Bardlette's affidavit. Bardlette's averments create an issue of fact that need to be sorted out in a hearing. Though Bardlette's account is in conflict with some evidence in the record, it is not inherently incredible. Thus, whether Bardlette's version of events is true or not is simply a matter of credibility, and to make a credibility determination without a hearing would amount to an improper weighing of the evidence. *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Wilson v. Williams*, 997 F.2d 348, 350 (7th Cir. 1993). Unless the Defendant elects to withdraw his exhaustion defense, it will be necessary to hold a hearing pursuant to *Pavey* to resolve the factual disputes identified in this opinion.

If it is true that Bardlette was prevented from exhausting the grievance process, then his failure to do so does not amount to a failure to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006) (inmates only required to exhaust administrative remedies that are available to them). Summary judgment cannot be granted based on the present record and the motions will be denied.

**ACCORDINGLY:**

The parties' motions for summary judgment (ECF 18, 23) are DENIED.

Within fourteen (14) days of this order, the Defendant is ORDERED to file a notice advising whether he elects to withdraw his exhaustion defense or proceed with a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If a hearing is necessary, this matter will be referred to the Magistrate Judge for the purpose of holding the hearing.

SO ORDERED on May 30, 2018.

/s/ Philip P. Simon  
Judge  
United States District Court